IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LANCE PARSONS, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 4:24-cv-4112 |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| MATTHEW VALDEZ, | § | |
| MICHAEL ALDRICH, and | § | |
| COLLIN LANKFORD, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Lance Parsons ("Plaintiff"), complaining of Matthew Valdez, Michael Aldrich, and Collin Lankford ("Defendants" or "Deputy Defendants"), and for cause would respectfully show unto the Court as follows:

**I.      NATURE OF THE ACTION**

1.      This is an action brought by Plaintiff Lance Parsons against Defendant sheriff deputies Matthew Valdez, Michael Aldrich, and Collin Lankford for the deprivation of Plaintiff's Fourth Amendment rights under the United States Constitution secured pursuant to 42 U.S.C. § 1983, including the right to be free from false arrest.

2.      Defendants acted in an objectively unreasonable manner and disregarded the rights of Plaintiff, knowing that Montgomery County, the Montgomery County Sheriff's Office, and Policymakers would approve and/or ratify their actions.

3.     For these civil rights violations and other causes of action discussed herein, Plaintiff seeks redress and compensation for damages when he was unjustifiably arrested by Defendants.

## II.     PARTIES

4.     Plaintiff, Lance Parsons, is an adult individual and resident of Montgomery County, Texas.

5.     Defendant, Matthew Valdez, is an adult individual and at all times relevant to this Complaint, was a sheriff deputy with the Montgomery County Sheriff's Office. At all times material hereto, Valdez was acting under color of law. Valdez is being sued in his individual capacity. Valdez may be served at his place of employment at the Montgomery County Sheriff's Office at #1 Criminal Justice Drive, Conroe, Texas 77301, or wherever he may be found.

6.     Defendant, Michael Aldrich, is an adult individual and at all times relevant to this Complaint, was a sheriff deputy with the Montgomery County Sheriff's Office. At all times material hereto, Aldrich was acting under color of law. Aldrich is being sued in his individual capacity. Aldrich may be served at his place of employment at the Montgomery County Sheriff's Office at #1 Criminal Justice Drive, Conroe, Texas 77301, or wherever he may be found.

7.     Defendant, Collin Lankford, is an adult individual and at all times relevant to this Complaint, was a sheriff deputy with the Montgomery County Sheriff's Office. At all times material hereto, Lankford was acting under color of law. Lankford is being sued in his individual capacity. Lankford may be served at his place of employment at the Montgomery County Sheriff's Office at #1 Criminal Justice Drive, Conroe, Texas 77301, or wherever he may be found.

## III.     JURISDICTION AND VENUE

8.      Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought pursuant to 42 U.S.C. § 1983 to redress a deprivation of the Fourth Amendment rights of Plaintiff. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

9.      Venue is proper in this Court as Defendants' constitutional violations and intentional torts and otherwise violative conduct occurred within the Southern District of Texas, Houston Division.

## IV.    FACTS

10.      On or around the evening of May 27, 2023, officers of the Montgomery County Sheriff's Department, including Defendants, responded to a domestic violence call involving Plaintiff's son, Alexander Parsons, and the mother of his children. The officers were informed that Alexander might have returned to Lance Parsons' home, leading the officers to approach the home in military gear, armed with assault rifles and riot shields.

11.      Despite the fact that Plaintiff did not match the physical description of his son and was not involved in the reported altercation, he was ordered to the ground at gunpoint by Defendants and other officers. After detaining Plaintiff and arresting Alexander, the officers left the scene without incident.

12.      Shortly after leaving, Defendants returned to Plaintiff's home, accusing him of stealing a police shield that had been left behind. At the time, Plaintiff was on the phone with law enforcement, sitting at a table in his front yard, complaining about the deputies' conduct during the earlier encounter. In fact, since the moment deputies first left Plaintiff's property to the moment they returned, Plaintiff had not left his yard and had remained on the phone with law enforcement. At no time did Plaintiff ever touch a police shield.

13.     Defendants, particularly Deputy Valdez, repeatedly accused Plaintiff of taking the shield, despite his consistent denials. The deputies failed to search the area properly and instead focused on threatening Plaintiff with criminal charges. Body camera footage shows that Defendant Valdez and his colleagues escalated the situation by making threats, including telling Plaintiff, "You might beat this in court, but you're gonna have to pay a whole lot of lawyer fees."

14.     Defendant Aldrich, along with other deputies, searched Plaintiff's property, including his home, but did not find the shield. The shield was later found along a public trail and not on Plaintiff's property. Despite this, Defendant Valdez and the other officers arrested Plaintiff for felony theft of police property, placing him in handcuffs and detaining him in a patrol car.

15.     Plaintiff was later released but was arrested again on June 28, 2023, when deputies, including Defendant Valdez, arrived at his home with a warrant for felony theft. Deputy Valdez claimed that he found a judge who would approve a warrant for Plaintiff's arrest. Plaintiff was arrested and booked into the Montgomery County Jail, forced to make bond, and had to hire legal counsel to defend himself against the baseless charges.

16.     While in custody, Plaintiff was denied access to his anxiety medication and at the time of the incident, and since the incident, has continued to suffer anxiety over his unlawful arrest and prosecution.

17.     On August 8, 2023, Plaintiff attended his first court setting with his counsel in the 359th Judicial District Court of Montgomery County, Texas. Upon arriving, Plaintiff and his attorney learned that the theft charge had been declined and dismissed by the District Attorney's Office.

18.    As a direct result of Defendants' actions, Plaintiff suffered economic, physical, and emotional harm. He was forced to pay bond and legal fees for a meritless case, lost his job and experienced severe stress, requiring medical attention for heart-related complications during his detention.

## V.    CAUSES OF ACTION

### Count I – False Arrest (42 U.S.C. Section 1983)

19.    Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

20.    Despite the total lack of probable cause to establish the existence of any crime, Defendant falsely arrested Plaintiff on criminal charges of theft of property.

21.    Plaintiff would show that the actions of Defendants on the date at issue in this Complaint deprived Plaintiff of his constitutional rights.

22.    The arrest of Plaintiff was malicious, intentional, and made with the express purpose of retaliating against Plaintiff. The false arrest of Plaintiff was an unreasonable seizure of Plaintiff, and violated his rights, as guaranteed by the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

23.    Plaintiff's arrest was in the absence of probable cause.

24.    Defendants omitted key information from the arrest affidavit concerning Plaintiff and lied about other statements in the arrest affidavit.

25.    As a direct result of the illegal conduct of Defendants, Plaintiff has suffered injury and damages as further described in this Complaint.

## VI.    DAMAGES

26.     As a direct and proximate result of the acts outlined above, Plaintiff has been damaged. Defendants' conduct has caused severe injury to the Plaintiff. Furthermore, he has suffered economic loss, emotional and mental anguish, and pain and suffering as a direct result of the violations of his constitutional rights.

27.     Plaintiff seeks compensatory damages to compensate him for his damages, which include mental anguish, pain and suffering, both past and future, and loss of income.

28.     Plaintiff also seeks exemplary damages against Defendants.

29.     Punitive/exemplary damages are recoverable under section 1983 when the conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. Here, the conduct of Defendants was done with evil motive or intent, or at the very least, was reckless or callously indifferent to the federally protected rights of the Plaintiff. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future.

30.     Plaintiff has retained the services of the undersigned attorney and claims entitlement to an award of reasonable and necessary attorney's fees under 42 U.S.C. §§ 1983 and 1988.

## VII.   TRIAL BY JURY

31.     Plaintiff respectfully requests trial by jury.

## VIII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff has and recover judgment from Defendants; actual damages, exemplary damages, punitive damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further

relief, both general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully Submitted,

THE LAW OFFICES OF BLERIM ELMAZI, PLLC

*/s/ Blerim Elmazi*
BLERIM ELMAZI
State Bar No. 24118375
3010 LBJ Freeway, Ste. 1450
Dallas, Texas 75234
(682) 888-0091
Blerim@ElmaziLaw.com

**ATTORNEY FOR PLAINTIFF**